Cause No. 1266668D     1016-14

| Frank E. Byrd III | § | In The Court of Criminal |
| Appellant Pro Se | § | |
| vs | § | Appeals of Texas |
| The State of Texas | § | |
| Appellee | § | TRAVIS COUNTY, TEXAS |

## MOTION TO OBTAIN DOCUMENTS AND TRIAL RECORDS IN FORMA PAUPERIS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Frank E. Byrd III, T.D.C.J. Id. No. 1827483 Movant Pro Se, herein, who respectfully attempts to move this Honorable Court to allow Movant to proceed with this action seeking copies of documents, trial transcripts, and clerk records pertaining to the above mentioned and numbered cause. Movant is entitled to said copies and in support thereof Movant would respectfully show the Court the following:

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 26 2015

Abel Acosta, Clerk

(I)

Under the authority of the "OPEN COURTS" mandate

(1)

of Texas Constitutional Article 1 § 13 and the Fourteenth Amendment of the United States Constitution this Honorable Court has the Power To Grant the Relief requested herein.

## ( II )

Movant has good cause to show that he was denied his Sixth Amendment United States Constitutional Rights to Effective Assistance of Counsel. Therefore, Movant is in the process of preparing an APPLICATION of Habeas Corpus, so that this Honorable Court can review said denial and other violations of Constitutional Rights. See Ex Parte Banks, 769 S.W. 2d 539, 540 (Tex. Crim. App. 1989).

"Habeas Corpus is available only to review... denials of Fundamental or Constitutional rights."

See also Ex Parte Maidona, 688 S.W. 2d 44, 46 (Tex. Crim. App. 1985).
"In a post conviction attack the burden is on the

(2)

Applicant to allege and prove facts which, if true, entitle him to relief."

See also Ex Parte McPherson, 32 S.W. 3d 360, 361 (Tex. Crim. App. 2000).

> "Relief may be denied when Applicant states only conclusions, and not specific facts."

Hence Movant shows that the documents, trial transcripts, and clerk records in the above afore mentioned cause are most needed by Movant so he can prove and show his facts and constitutional violations instead of only stating mere conclusions within his Habeas Corpus Application. However, Movant is indigent and unable to pay for and/or purchase said documents, trial transcripts, and clerk records. See Motion to Proceed In Forma Pauperis. See also Draper v. Washington, 83 S. Ct. at 781.

> "In terms of trial records....the state must afford the indigent a record of sufficient completeness to permit proper consideration of [his] claims."

( III )

In the Bounds case the Supreme Court states,

(3.)

See Bounds v. Smith, 97 S.Ct. 1491 (1997):

> "It is now established beyond doubt that prisoners have a Constitutional right of access to the Courts."

More recent decisions have struck down restrictions and required remedial measures to insure that inmate(s) access to Courts is adequate, effective, and meaningful. See Bounds v. Smith, Supra

> "Thus in order to prevent effective foreclosed access, indigent prisoners must be allowed to file....habeas Corpus petitions..."

However, this is impossible without having the proper records: See Bounds v. Smith Supra

> "...is impossible without a trial transcript..."

The Supreme Court in the Griffen case held that. See Griffen v. Illinois, 76 S.Ct. at 591:

> "[D]estitute defendants must be afforded adequate appellate review as defendants who have money to buy transcripts."

Therefore, the State must furnish the indigent defendant with a free copy of the documents necessary for the purpose of direct appeal. However, the Griffen principle of equality was not limited to transcripts for purposes of direct appellate review. The Supreme Court later in Lane v. Brown held that, see Lane v. Brown, 83 S.Ct. 768 (1983) at 773:

> "Smith makes clear that the Griffen principle also applies to state colateral proceedings..."

( IV )

Movant contends that if he is denied a copy of the documents requested herein this motion, such a denial would be denying Movant the right to file an effective and truly factual Habeas Corpus Petition! Said denial would be a violation of the Fourteenth Amendment of the United States Constitution. Moreover to impose any financial conditions between an indigent prisoner of the State and his exercise of a State right to have a remedy by due course of law is to deny that prisoner the Equal Protection of Law as provided through the United States

(5.)

Constitution. In Gardner v. California the Supreme Court held that, see Gardner v. California, 89 S.Ct. 582 (1969):

"...a layman acting in his own defense or his own behalf needs the Court records even more than an attorney acting in his behalf would."

Therefore, Movant avers that the documents requested herein are essential and are required to present Movants case in the most favorable light and that said documents must be obtained to prove Movants allegations to the Trial Court as well as the higher Courts.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Honorable Court GRANTS this Motion by ordering the District Clerk and the Court Reporter to provide the Movant a Free Copy of the Documents requested herein this Motion or in the alternative order that Movant be provided a loaner copy of these documents.

February 23, 2015
DATE:

RESPECTFULLY SUBMITTED,

(6.)

FRANK E. BYRD III, #1827483
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TX. 77705

## CERTIFICATE OF SERVICE

I FRANK E. BYRD III, declarant do certify that a true and correct copy of the foregoing document Motion To Obtain Documents and Trial Records in Forma Pauperis has been served on the respondent through the office of the Clerk of the Court of Criminal Appeals of Texas; P.O. Box 12308, Capitol Station, Austin, Texas 78711 through the United States First Class Mail Service.

2-23-15
DATE:

Respectfully Submitted,

FRANK E. BYRD III, #1827483
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TX. 77705

(7.)

Cause No. 12.666668D

To: Court of Criminal Appeals of Texas
Abel Acosta, Clerk
P.O. Box 12308, CAPITOL STATION
Austin, Texas 78711

Dear Clerk:

I, Frank E. Byrd III #1827483, am writing to request to the Courts for a price reduction if upon finding that my Motion for Free Trial Transcripts is denied. I'm asking if the Honorable Courts would at least set the price for my "trial transcripts" at a reasonable and affordable price for me. Thank You, for your time and much needed legal service and assistance concerning this urgent matter!

Respectfully Submitted,

Frank E. Byrd III
T.D.C.J.I.D. # 1827483
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

# DECLARATION OF INABILITY TO PAY COST

Now respectfully comes _Frank E. Byrd III_, TDCJ # _1827483_, and declares that I am unable to pay the court costs in this action and request leave of the Court to proceed informa pauperis and would show the Court the following:

(1) I am presently incarcerated in the _Mark W. Stiles_ Unit of the Texas Department of Criminal Justice - Institutional Division where I am not permitted to earn or handle money.

(2) I have no source of income or spousal income.

(3) I currently have $ _13 ¢_ credited to me in the Inmate Trust Fund.

(4) During my incarceration in the Texas Department of Criminal Justice - Correctional Institutions Division I have received approximately $ _70.00_ per month as gifts from relatives and friends.

(5) I neither own nor have an interest in any realty, stocks, bonds, or bank account and I receive no interest or dividend income from any source.

(6) I have _0_ dependents.

(7) I have total debts of approximately $ _0_ .

(8) I owe $ _0_ and restitution.

(9) My monthly expenses are approximately $ _70.00_ .

I, _Frank E. Byrd III_ TDCJ # _1827483_, being presently incarcerated in the Mark W. Stiles Unit of the Texas Department of Criminal Justice - Correctional Institutions Division in Jefferson County, Texas verify and declare under penalty of perjury that the foregoing statements are true and correct.

Executed this the _23_ day of _Febuary_, 20_15_.

Name: _Frank E. Byrd III_

TDCJ #: _1827483_

Mark W. Stiles Unit
Jefferson County
Beaumont, Texas 77705

```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        02/23/15
ST55/LS00069              IN-FORMA-PAUPERIS DATA                09:06:11
TDCJ#: 01827483 SID#: 05435675 LOCATION: STILES       INDIGENT DTE: 02/10/15
NAME: BYRD,FRANK EDWARD III          BEGINNING PERIOD: 08/01/14
PREVIOUS TDCJ NUMBERS:
CURRENT BAL.:        0.13 TOT HOLD AMT:        0.00 3MTH TOT DEP:     200.00
6MTH DEP:          580.00 6MTH AVG BAL:       93.60 6MTH AVG DEP:      96.67
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
01/15    134.85         50.00          10/14    175.20         180.00
12/14    125.13        100.00          09/14    174.40         100.00
11/14    125.94         50.00          08/14    154.02         100.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS, COUNTY OF _Jefferson_
ON THIS THE _23rd_ DAY OF _February_ , D., I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _1827483_ OR SID NUMBER: _____

STEPHANIE LUTE
Notary Public, State of Texas
My Commission Expires
03/03/2018
Notary without Bond